ALO FESO, Plaintiff

v.

VAE, Defendant

No. 12-1911

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: Atafu in Afao]

December 9, 1911

H. M. T. PEARCE, *Senior Member;* J. L. DWYER, *Associate Member;* TULIFUA, *Associate Member*

### DECISION

Alo Feso, the above plaintiff, was formerly a resident of the village of Afao, in the Western District, where the land in controversy "ATAFU" is situated. He is now a resident of the village of Fagasa, having removed with his family from Afao about the time of the establishment of the present Government. Vae, the defendant, is a chief of the village of Afao. According to his testimony, he was born in Upolu, but came to Afao when a young man, and married the daughter of his predecessor in the title of Vae.

The land "ATAFU" is claimed by both parties, and the boundaries of the land, as given in the complaint, are admitted by the defendant, Vae.

According to the testimony of plaintiff and that of Letua, an Afao chief, and one of the adjoining property owners, the land was in the possession and use of Alo Taisi, deceased, the predecessor and brother of the present plaintiff, for a long period of years, prior to the establishment of this Government, having descended to Alo Taisi from one

Samatua Vailuu. The evidence showed that Vae, the defendant, entered upon the land after the establishment of the present Government, and made extensive cultivations upon it—cocoanuts, bananas, taro, kava and arrowroot. During the time that Vae was planting the land the plaintiff and his predecessor were not living at Afao. Some testimony has been offered to show that they had agents at Afao, who cut copra from the land. The plaintiff failed to produce any of these agents to corroborate the testimony upon this point. It is clear, however, that since the entry of Vae upon the land, Vae has consistently treated the land as his own, and neither the plaintiff nor Alo Taisi took the proper steps to resist Vae's claims. About the year 1909, Alo Taisi instituted an action against Vae in the District Court, under Regulation No. 7-1907, a Regulation Concerning Claims to Land in Tutuila and Manua and Trespasses Thereon. The complaint was dismissed because it was evident that Alo Taisi had not been "in the possession of" the land ATAFU, and had not been "using the fruits thereof openly and notoriously" for a period of more than one year prior to the enactment of the Regulation—July 27th, 1907. Alo Taisi was aware of Vae's claims and cultivations on the land and should have filed his complaint in due season, in the High Court.

In the year 1911, Alo Taisi died, and shortly thereafter his successor, the present plaintiff, filed his complaint.

The defendant Vae testified that he first entered upon the land in the year 1901, and began to plant it. Vae claimed that he had been informed by his predecessor that the land was the property of the name Vae, and that there had been a taro patch on the land many years ago, presumed to have been planted by the ancestors of Vae. Vae admitted that there were some cocoanut trees on the land at the time of his entry, but that he did not know who planted them. The defendant proceeded to cultivate the

land with great energy and resisted Alo Taisi's claims and objections. There is little evidence in the testimony of Vae and his one witness, Maugaotega of Asili, to substantiate Vae's claim of ownership. Neither his extensive plantations, nor the dismissal of Alo's complaint under the Trespass Regulation affected the legal title to the land.

After both parties had rested their cases, it was considered necessary that a visit should be made to the land by the Court, accompanied by both parties to the suit. When the Court arrived in the village of Afao, a session of the High Court was held in that village, and the Pulenuu, Fuamatu, who is the leading chief of the village and an adjoining property-owner, was called by the Court as a witness. His testimony corroborated that of the plaintiff and Letua.

The Court then proceeded to inspect the land "ATAFU" which is situated over one-half mile inland of the village. There are no houses on the land, but it is very well planted with cocoanuts and bananas, and there are a few kava and arrowroot plants, which Alo admitted were planted by Vae the defendant. There are only about a dozen tall cocoanut trees on the land, but a large number of young cocoanut trees. It was evident to the Court, both from the testimony and the appearance of the land, that prior to 1901, the land had been very sparsely planted, and of little value. The tall cocoanuts had been planted long before the year 1901, while the young cocoanuts, bananas, kava, taro and arrowroot plants had undoubtedly been planted during the last few years.

■ The preponderance of evidence has established the fact that the predecessor of the present plaintiff, i.e., Alo Taisi, was the owner of the land at the time that Vae entered upon the land and planted it. It is likely that Vae acted in good faith in entering upon the land, and that Vae actually believed that the property ATAFU belonged to the

name Vae. The improvements placed by Vae upon the land may have been made with the belief that he was planting his own property. For the purpose of this case, however, it is sufficient for the Court to consider that Alo Taisi, predecessor of the present plaintiff, was the owner of the land when Vae entered upon it, and his right of ownership has not been lost by any acts of the defendant Vae in clearing and planting the land, nor by the dismissal of Alo's complaint under the Trespass Regulation.

It therefore devolves upon this Court to decide that the title to the land in dispute is vested in the plaintiff, Alo Feso.

 This Court will render no decision regarding the cultivations of Vae upon the land, for the reason that this matter was not placed in issue in the pleadings, nor was this matter brought to the attention of the Court until after all the testimony had been taken, when the property was inspected by the Court. In view of the apparent ignorance of the defendant, Vae, the Court will state, en passant, that although the legal title to the property is by this decision vested in Alo Feso, still, in the opinion of this Court, an equitable claim by Vae for improvements made upon the property might be enforced.

The Court will quote from the *Cyclopedia of Law and Procedure*, Volume 22, on the subject of improvements upon the property of another:—

Page 11. By the rigid rule of the common law, on the principle that a person is under no obligation to pay for unauthorized improvements, made upon his land, one making such improvements without the owner's knowledge or consent was not entitled to compensation therefor even though he acted under a bona fide belief of ownership.

Page 13. In many jurisdictions, statutes generally known as "betterment acts" or "occupying claimant laws" have been passed enlarging the rights of bona fide possessors with respect to improvements. It is generally the object of these laws to recognize the exist-

ence of the equitable right to compensation for improvements and to give a legal remedy for its enforcement where none existed before, and it has been held that as they are in derogation of the common law, they must be strictly construed and remedy provided thereby strictly followed. These laws generally follow the civil law rule and compel the owner of the land to pay to the bona fide occupant the amount due for improvements over and above the value of rents and profits during the period of occupancy, as a condition to the recovery of or entry on the land.

The parties are therefore advised to consider the question of compensation to Vae for his cultivations, and should arrange to visit the land together to count and estimate the value of the young cocoanuts and other cultivations of Vae, and if possible, they should enter into a written agreement regarding the compensation to be paid by Alo Feso to Vae.

If it should be impossible for the parties themselves to settle this matter amicably between them, recourse might be had to arbitration, that is to say, some person should be appointed by Vae to represent him, and Alo should appoint some person to act for him. Then, after a written agreement has been made by Alo and Vae to abide by the result of the arbitration, the two persons so appointed should meet together and select some third person. The three persons, acting as a board of arbitration, under the written agreement, should proceed to the land and estimate the value of Vae's improvements, and the amount found by the majority of the Board to be due to Vae should then be paid by Alo, in accordance with the agreement. If a written agreement to arbitrate is entered into, and the two representatives of the opposing parties are unable to choose a third person, the representatives might request the President of the High Court to appoint the third arbitrator.

If no agreement can be arrived at, by arbitration or otherwise, Vae should file a complaint in the High Court and this tribunal will then consider the question of the

right of Vae for compensation for improvements and the value of the improvements.

The final decree in this case will not be issued until six months after the date of the rendering of this decision. This will allow ample time for the parties to conclude their negotiations, or for the judicial determination of any equitable claim Vae may have for his improvements on the land.

The costs of this action, $75.00, will be borne by both parties, in equal shares.